LOTTINGER, Judge.
This suit arises out of an alleged contract for the sale and purchase of certain articles of furniture. Defendant, the alleged purchaser, refused delivery of said furniture. The claim is for the sum of $294.72. The lower court awarded judgment for defendant, and dismissed petitioner’s suit. The petitioner has taken this appeal.
The petitioner, Moore H. Pilcher, claims that on March 2, 1948, defendant, Philip George, ordered ten Mirrorok tables and forty chairs from him. He alleges that as this was a special order, the tables being of an odd size and shape, it was necessary to order said furniture from the factory. On April 3, 1948, the defendant gave petitioner his check for $250 on account of the purchase price. Petitioner alleges that he lost the said check and requested that defendant stop payment of said check, which was done by defendant. On June 14, 1948, the furniture arrived from the factory, and petitioner tendered delivery to defendant, however, defendant refused the furniture as he had already purchased furniture from another source.
Defendant admits entering into the contract to purchase the said furniture, which was a verbal contract, but alleges that it was specified that the delivery was to be within fifteen days. He states that petitioner told him the furniture was in petitioner’s store in New Orleans. Defendant claims that he informed the petitioner that time was of the essence as he was opening a lounge and restaurant within about nine days of the date of the order, and that the furniture was needed for the opening. Defendant claims that petitioner kept delaying the date of delivery, and that on April 3, 1948, petitioner told defendant that he was in a bind, whereupon defendant gave petitioner the check of $250, which was to be applied on the furniture, with the understanding that the furniture would be in within another fifteen days. On failure of petitioner to deliver the furniture as specified, the defendant called his bank and stopped payment on the check. The furniture finally arrived and was refused by defendant.
The lower court rendered judgment in favor of defendant and dismissed the petitioner’s suit. The petitioner has taken this appeal.
The evidence is conflicting as to the time for delivery of the furniture and the facts surrounding the stop payment request on the check. Defendant testified that he stopped payment on the check because of failure of petitioner to deliver the furniture within a certain time limit. This time limit had been extended several times, as the furniture was originally ordered on March 2, 1948, and the payment on the check was not stopped until the latter part of April, 1948. The furniture did not arrive until June 14, 1948, which was some three and one-half months after the original order.
Petitioner’s contention that there was no time limit appears vague insofar as it was shown that the furniture was ordered to be placed in the lounge which was opened in the latter part of March. It does not appear to us that the delay was a reasonable one in view of the circumstances. Furthermore, several witnesses to' the original conversation testified that the defendant told petitioner that he needed the furniture in about fifteen days, and that the petitioner agreed to this delay. In opposition to this testimony, petitioner himself was the only one who testified that there was no time limit specified.
' We are of the opinion that the petitioner has failed to prove his case by a preponderance of the evidence. His testimony as to the time limit for delivery of *145 the furniture is contradicted by defendant and three other witnesses. As to the stop payment order on the check, we have only the testimony of petitioner, which is offset by that of defendant. Furthermore, under the circumstances, and considering that defendant was opening a business within about nine days, we believe that the delay of more than three months in fulfilling his order was unreasonable.
Therefore, for the reasons assigned, the judgment of the lower court will be affirmed.
Judgment affirmed.